UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM A. VERTREES,

    Plaintiff,

v.                                                      Case No. 8:10-cv-2164-T-24 EAJ

AMERICAN VULKAN CORP.,

    Defendant.
_____/

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss Counts II and III. (Doc. No. 7). Plaintiff opposes the motion. (Doc. No. 10). As explained below, the motion is granted.

**I. Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted). While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level."  Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.  Background**

Plaintiff alleges the following in his complaint (Doc. No. 1): Plaintiff was employed by Defendant until March of 2009.  In March of 2009, Plaintiff was told by Thomas Falz and Mr. Lehner that there would be layoffs due to the economy and that older employees were being selected for possible termination.  Plaintiff, who was sixty years old at the time, told Falz that he did not want to retire.  In response, Falz told Plaintiff that in Germany, retirement is mandatory at age sixty-five.

Plaintiff reported this conversation to Human Resources and complained that it was discriminatory.  Shortly thereafter, Lehner admonished Plaintiff for reading a newspaper in the restroom.  Plaintiff responded that the real reason he was being reprimanded was because Defendant wanted to pressure him to resign due to his age.  Later that day, Defendant terminated Plaintiff's employment.

As a result of these actions, Plaintiff filed a three-count complaint against Defendant.  In Count I, Plaintiff asserts a claim for age discrimination.  In Counts II and III, he asserts a claim for intentional infliction of emotional distress.

**III.  Motion to Dismiss**

Defendant moves to dismiss Plaintiff's intentional infliction of emotional distress ("IIED") claims in Counts II and III, because the alleged conduct is not sufficiently outrageous to support such a claim.[1]  The Court agrees.

At the outset, this Court notes that "whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is *a matter of law for the court*, not a question of fact."  Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1499-1500 (M.D. Fla. 1993)(emphasis in original)(citation omitted).  In order to state an IIED claim, a plaintiff must allege "1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe."  Id. at 1499 (citation omitted).  While "there is no definitive example of what constitutes 'outrageous conduct,' . . . Florida case law on the subject has evinced a comparatively high standard."  Id.  Furthermore, the Florida Supreme Court provides the following explanation of outrageous conduct:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Metropolitan Life Insurance Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985)(quoting

---

[1]It is unclear as to why Plaintiff is asserting the same claim in Counts II and III.  Plaintiff states in his response to Defendant's motion to dismiss that his "third count is a claim for damages based on the Defendant's actions that amount to intentional infliction of emotional distress. . . Should the court agree [that Plaintiff states a claim for IIED], liability for such actions are the damages the Plaintiff is seeking [in Count III]." (Doc. No. 10, p. 6).

3

Restatement (Second) of Torts §46 (1965)).

> Plaintiff argues that the conduct in the instant case is sufficiently outrageous because:
>
> [Defendant] deliberately invaded one of the most private moments known to men in an attempt to gather evidence of misconduct on the Plaintiff. The moment the Plaintiff realized that the Defendant had knowledge of his intimate restroom activities he knew that his privacy had been deliberately invaded. The plaintiff was horrified. No one other than the Plaintiff would have known what took place during those secluded moments without some deliberate act similar to that of espionage.

(Doc. No. 10, p. 4). The Court finds Plaintiff's argument unpersuasive.

There are no allegations in the complaint that Defendant spied on Plaintiff inside a restroom stall. Perhaps someone saw Plaintiff carry a newspaper into the restroom. Perhaps someone else was using the restroom at the same time as Plaintiff and heard him turn the pages of the newspaper. Without a specific allegation that Defendant was watching Plaintiff inside the restroom stall, this Court will not presume such conduct.

Plaintiff also argues that the unpublished case of Barton v. Tampa Electric Co., 1997 WL 128158 (M.D. Fla. Mar. 11, 1997), supports his argument. However, Plaintiff's reliance on Barton is misplaced, as Barton is distinguishable. In Barton, the Court denied the employer's motion for summary judgment on the plaintiff's IIED claim, which was based on the fact that the plaintiff was not allowed to use the restroom more than two times a day while at work. The instant case is distinguishable, as Defendant did not tell Plaintiff that he could not use the restroom, nor does Plaintiff allege that Defendant watched Plaintiff inside of the restroom stall. As such, the Court finds that Defendant's conduct, as alleged by Plaintiff, is not sufficiently outrageous to support an IIED claim. Therefore, the Court finds that Plaintiff's IIED claims in Counts II and III must be dismissed for failure to state a claim.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Counts II and III (Doc. No. 7) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of January, 2011.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record